WIGGINTON, Judge.
The employer/carrier appeal the deputy commissioner’s order finding claimant’s knee injury to be compensable as either caused or substantially aggravated by the alleged industrial accident. We reverse.
After carefully reviewing the record, we conclude that the deputy has misconceived the evidence. For her finding of a 35 percent permanent impairment, the deputy relied solely on the opinion of Dr. Barry. However, Dr. Barry first treated claimant more than one year after the date of the alleged accident and emphasized in his deposition that his views were largely guesswork. He also stated, as did the other treating physicians, that he would defer to the opinion of the initial treating physician, Dr. Thompson, and conceded that he had never seen Dr. Thompson’s initial surgical report.
Dr. Thompson first treated claimant either the day of or day after the accident. She testified in her deposition that claimant presented to her a history of excruciating pain in his knee which he stated he had endured for the past six to eight weeks. Claimant did not mention an industrial accident, nor did the knee reveal evidence of trauma upon examination. Dr. Thompson took x-rays and performed surgery, and concluded that claimant’s condition was entirely due to a preexisting problem.
In light of Dr. Thompson’s testimony and of the fact that all the other treating physicians deferred to her opinion, there is no substantial competent evidence on which to base the deputy’s findings of causal relationship and compensability. Accordingly the order awarding benefits is reversed and the cause remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.